ORIGINAL

NOTE

JOHNSON
Loan
MIN:
Case

| April 14, 2008 | ALLENTOWN | Pennsylvania |
|---|---|---|
| [Date] | [City] | [State] |

323 LINCOLN AVENUE, NAZARETH, PA 18064
[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means **SECURITY ATLANTIC MORTGAGE CO. INC.** and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of **One Hundred Fifty Five Thousand Two Hundred Ninety Five** Dollars (U.S. $155,295.00), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of **Six And One-Half** percent (**6.500%**) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." That Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

### (A) Time

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on **June 1, 2008**. Any principal and interest remaining on the first day of **May, 2038**, will be due on that date, which is called the "Maturity Date."

### (B) Place

Payment shall be made at **619 AMBOY AVENUE, EDISON, NJ 08837** or at such place as Lender may designate in writing by notice to Borrower.

### (C) Amount

Each monthly payment of principal and interest will be in the amount of U.S. $981.57. This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

### (D) Allonge to this Note for payment adjustments

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box.]

☐ Graduated Payment Allonge        ☐ Growing Equity Allonge        ☐ Other [Specify] _____

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

EXHIBIT A

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of Four percent (4.000%) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_Pamela Johnson_    9/14/06

- BORROWER - PAMELA JOHNSON - DATE -

WITHOUT RECOURSE, PAY TO THE ORDER OF:

**Countrywide Bank, FSB**
SECURITY ATLANTIC MORTGAGE CO. INC.

_[Sign Original Only]_

JOHANNA GREBELSKY
ASSISTANT SECRETARY

PAY TO THE ORDER OF
**BANK OF AMERICA, N.A.**
WITHOUT RECOURSE
COUNTRYWIDE BANK, FSB

BY _____ *Laurie Meder*
LAURIE MEDER
SENIOR VICE PRESIDENT

**PAY TO THE ORDER OF**

**WITHOUT RECOURSE**
**BANK OF AMERICA, N.A.**

BY _____ *Michele Sjolander*
MICHELE SJÖLANDER
SENIOR VICE PRESIDENT

**Bank of America**

## Home Loans
BAC Home Loans Servicing, LP
100 Beecham Drive Suite 104
Pittsburgh, PA 15205

Notice Date: July 8, 2010

PAMELA JOHNSON
323 LINCOLN AVENUE
NAZARETH, PA 18064

Account No:
FHA Case No.:

Property Address:
323 LINCOLN AVENUE
NAZARETH, PA 18064

### AMENDED AND RESTATED NOTE
### State of Pennsylvania

Origination Date: April 14, 2008

**1. PARTIES**

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns.
"Lender" means BAC Home Loans Servicing, LP and its successors and assigns.

**2. BORROWER'S PROMISE TO PAY INTEREST**

In return for a loan received from Lender, Borrower promises to pay the principal sum of one hundred seventy
two thousand two hundred fifty and 79/100 (Dollars U.S.) $172,250.79 plus interest, to the order of Lender.
Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at
the rate of five and 13/100, (5.125%) per year until the full amount of principal has been paid.

**3. PROMISE TO PAY SECURED**

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated
the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender
from losses which might result if Borrower defaults under this Note.

**4. MANNER OF PAYMENT**

**(A) Time**

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning
on September 1, 2010. Any principal and interest remaining on the August 1, 2040 will be due on that date,
which is called the "Maturity Date."

**(B) Place**

Payment shall be made to Payment Processing  PO Box 660070  Dallas, TX 75265, or at such place as
Lender may designate in writing by notice to Borrower.

**(C) Amount**

Each monthly payment of principal and interest will be in the amount of U.S. 937.88. This amount will be part
of a larger monthly payment required by the Security Instrument that shall be applied to principal, interest and
other items in the order described in the Security Instrument.

**(D) Allonge to this Note for payment adjustments**

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the
covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this
Note as if the allonge were a part of this Note. [Check applicable box]

[ ]   Graduated Payment Allonge      [ ]   Growing Equity Allonge      [ ]   Other [specify]

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payments unless Lender agrees in writing to those changes.

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of 4.00% of the overdue amount of each payment. of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances, regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults.

This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the Principal of this Note.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the right of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address. Any notice that must be given to Lender under this Note will be given by first- class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, borrower accepts and agrees to the terms and covenants contained in this Note.

## 10. GROUNDS FOR ACCELERATION OF DEBT

(A) Default. Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by the Security Instrument and due under this Note if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Note and the Security Instrument prior to or on the due date of the next monthly payment, or (ii) Borrower defaults by failing, for a

period of thirty days, to perform any other obligations contained in the Security Instrument securing this Note.

**(B) Sale Without Credit.** Lender shall, if permitted by applicable law (including section 341 (d) of the Garn- St Germain Depository Institutions Act of 1982, 12 U.S.C. 1702j-3(d) and with the prior approval of the Secretary, require immediate payment in full of all the sums due under this Note and secured by the Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and (ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been in accordance with the requirements of the Secretary.

**(C) No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payment, Lender does not waive its right with respect to subsequent events.

**(D) Regulations of HUD.** In many circumstances regulations issued by the Secretary will limit Lender's rights in the case of payment defaults to require immediate payment in full and foreclosure if not paid. This Note and the Security Instrument do not authorize acceleration of foreclosure if not permitted by regulations of the Secretary.

**(E) Mortgage Not Insured.** Borrower agrees that should the Security Instrument and this Note secured thereby not be eligible under the National Housing Act within 60 days from the date hereof, Lender may, at its option and notwithstanding anything in paragraph 10, require immediate payment in full of all sums secured by the Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date thereof, declining to insure the Security Instrument and this Note secured thereby, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by lender when the unavailability of insurance is solely due to Lender's failure to remit mortgage insurance premium to the Secretary.

BY SIGNING BELOW, borrower accepts and agrees to the terms and covenants contained in this Note.

_Dated_ 7-15-2010

PAMELA JOHNSON

PAY TO THE ORDER OF

BANK OF AMERICA, N.A.
WITHOUT RECOURSE
BAC HOME LOANS SERVICING, LP

BY

MICHELE SJOLANDER
SVP, OPERATIONS AND LOAN DELIVERY

PAY TO THE ORDER OF

WITHOUT RECOURSE
BANK OF AMERICA, N.A.

BY

MICHELE SJOLANDER
SENIOR VICE PRESIDENT

**Bank of America** 🇺🇸

## Home Loans

Bank of America, N.A.
11802 Ridge Parkway, Suite 100-HRM
HOME RETENTION
Broomfield, CO 80021

Notice Date: September 18, 2012

PAMELA JOHNSON
323 LINCOLN AVENUE
NAZARETH, PA 18064

Account No: ██████████

FHA Case No: ██████████

Property Address:
323 LINCOLN AVENUE
NAZARETH, PA 18064

### AMENDED AND RESTATED NOTE
#### State of Pennsylvania

Origination Date: 28th of April, 2008

1. **PARTIES**
   "Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means Bank of America, N.A. and its successors and assigns.

2. **BORROWER'S PROMISE TO PAY INTEREST**
   In return for a loan received from Lender, Borrower promises to pay the principal sum of one hundred eighty-four thousand eight hundred forty-five and 18/100 (Dollars U.S.) $184,845.18 plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of four and 38/100, (4.375%) per year until the full amount of principal has been paid.

3. **PROMISE TO PAY SECURED**
   Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

4. **MANNER OF PAYMENT**
   **(A) Time**
   Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on September 1, 2012. Any principal and interest remaining on August 1, 2042 will be due on that date, which is called the "Maturity Date."

   **(B) Place**
   Payment shall be made to Payment Processing PO Box 650070 Dallas, TX 75265, or at such place as Lender may designate in writing by notice to Borrower.

   **(C) Amount**
   Each monthly payment of principal and interest will be in the amount of U.S $922.90. This amount will be part of a larger monthly payment required by the Security Instrument that shall be applied to principal, interest and other items in the order described in the Security Instrument.

**(D) Allonge to this Note for payment adjustments**

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐ Graduated Payment Allonge        ☐ Growing Equity Allonge        ☐ Other [specify]

5. **BORROWER'S RIGHT TO PREPAY**

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payments unless Lender agrees in writing to those changes.

6. **BORROWER'S FAILURE TO PAY**

**(A) Late Charge for Overdue Payments**

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of 4.00% of the overdue amount of each payment.

**(B) Default**

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances, regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults.

This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

**(C) Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the Principal of this Note.

7. **WAIVERS**

Borrower and any other person who has obligations under this Note waive the right of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

8. **GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address. Any notice that must be given to Lender under this Note will be given by first- class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, borrower accepts and agrees to the terms and covenants contained in this Note.

**10. GROUNDS FOR ACCELERATION OF DEBT**

(A) **Default.** Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by the Security Instrument and due under this Note if:
(i) Borrower defaults by failing to pay in full any monthly payment required by this Note and the Security Instrument prior to or on the due date of the next monthly payment, or (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in the Security Instrument securing this Note.

(B) **Sale Without Credit.** Lender shall, if permitted by applicable law (including section 341 (d) of the Garn-St Germain Depository Institutions Act of 1982, 12 U.S.C. 1702j-3(d) and with the prior approval of the Secretary, require immediate payment in full of all the sums due under this Note and secured by the Security Instrument if:
(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and (ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been in accordance with the requirements of the Secretary.

(C) **No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payment, Lender does not waive its right with respect to subsequent events.

(D) **Regulations of HUD.** In many circumstances regulations issued by the Secretary will limit Lender's rights in the case of payment defaults to require immediate payment in full and foreclosure if not paid. This Note and the Security Instrument do not authorize acceleration of foreclosure if not permitted by regulations of the Secretary.

(E) **Mortgage Not Insured.** Borrower agrees that should the Security Instrument and this Note secured thereby not be eligible under the National Housing Act within 60 days from the date hereof, Lender may, at its option and notwithstanding anything in paragraph 10, require immediate payment in full of all sums secured by the Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date thereof, declining to insure the Security Instrument and this Note secured thereby, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by lender when the unavailability of insurance is solely due to Lender's failure to remit mortgage insurance premium to the Secretary.

BY SIGNING BELOW, borrower accepts and agrees to the terms and covenants contained in this Note.

_Pamela Johnson_    Dated 03-13-2014
PAMELA JOHNSON

PAY TO THE ORDER OF

WITHOUT RECOURSE
BANK OF AMERICA, N.A.

BY _Azucena M. Rico_
Azucena M. Rico
ASSISTANT VICE PRESIDENT