POWERS KIRN, LLC
By: Harry B. Reese
ID# 310501
8 Neshaminy Interplex, Suite 215
Trevose, PA 19053
Telephone: 215-942-2090
Attorney for Movant / 22-0142

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Pamela Darlene Johnson<br>aka Pamela D. Johnson<br><br>Debtor | Chapter 13 Proceeding<br><br>20-14817 PMM |
| BANK OF AMERICA, N.A.<br><br>Movant<br><br>v.<br><br>Pamela Darlene Johnson<br>aka Pamela D. Johnson<br>and<br>Scott F. Waterman, Esquire<br><br>Respondents | |

**STIPULATION IN SETTLEMENT OF
MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

WHEREAS, the parties hereto and their respective counsel have agreed as to the disposition of the Motion for Relief from the Automatic Stay filed by Harry B. Reese on behalf of the secured creditor, BANK OF AMERICA, N.A. ("Movant").

NOW, THEREFORE, intending to be legally bound, the parties hereto, herewith stipulate as follows:

1. The automatic stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. This Stipulation pertains to the property located at 323 Lincoln Avenue, Nazareth, PA 18064, mortgage account ending with 0318. The full account number should be written on all remittances to ensure that payment is properly processed.

3. Upon approval of the United States Bankruptcy Court of the within Stipulation, Debtor and Movant agree to the following:

    (a) Parties acknowledge that the current regular post-petition payment is $1,295.61.

(b) Parties acknowledge that the following amounts are currently due post-petition:

|  | Quantity | From | To | Amount |  |
|---|---|---|---|---|---|
| Payments: | 1 | 05/01/2025 | 05/01/2025 | $1,265.73 | $1,265.73 |
| Payments: | 4 | 06/01/2025 | 09/01/2025 | $1,295.61 | $5,182.44 |
| Less: Debtor Suspense: | | | | | $-1,118.17 |
| **Total Post-Petition Arrearage:** | | | | | $5,330.00 |

(c) Commencing with the 10/01/2025 payment the Debtor shall resume and shall continue to make all regular monthly post-petition payments when they are due in accordance with the terms of the Note and Mortgage.

(d) Debtor agrees to Amend the Chapter 13 Plan to include the aforementioned post-petition delinquency representing all arrearages due through 09/01/2025. Debtor agrees to amend the Chapter 13 Plan within thirty (30) days of the filing of this Stipulation. Failure to amend the plan in accordance with the terms of this Stipulation shall constitute a default.

(e) If sufficient proof is provided (front and back copies of checks or money orders) of payments made, but not credited, the account will be adjusted accordingly.

(f) All post-petition payments from Debtor to Movant shall be sent to Carrington Mortgage Services, LLC, 1600 South Douglass Road, Anaheim, CA 92806.

(g) The provisions of the Stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this Stipulation, including fees and costs, due under the terms of the contract and applicable law. Also, all allowed fees and costs due to Movant as stated on any Post-Petition Fee Notices filed with the court shall be paid prior to the entry of a Discharge Order.

(h) The Debtor shall timely tender all payments and comply with all conditions in accordance with the Stipulation.

(i) The terms of this Stipulation shall remain in full force and effect in the event the case converts to Chapter 11.

(j) If such payments or conditions are not timely made, or if the case should convert to

        Chapter 7, Movant may provide the Debtor and Debtor's counsel with fifteen (15) days written notice of default. If the default is not cured within the fifteen (15) day period, Movant may certify the default to this Court and an Order shall be entered granting Movant relief from the automatic stay without further notice and hearing and waiving Fed. R. Bankr. P. 3002.1 and waiving Rule 4001(a)(3) so that the Relief Order is immediately effective and enforceable.

(k)    Attorney fees and costs for issuing a Notice of Default, Certification or Affidavit of Default, and order for relief are recoverable and may be added to the arrearage.

(l)    Counsel for Debtor has authority to settle this matter on behalf of the Debtor.

(m)    The parties agree that a facsimile may be submitted to the Court as if it were an original.

STIPULATED AND AGREED TO BY:

/s/ Michael A. Cibik

Michael A. Cibik, Esquire
Attorney for Debtor
Date:

                                                  Scott F. Waterman, Esquire
                                                  Trustee
                                                  Date: 10/15/25

/s/ Harry B. Reese, Esquire

Harry B. Reese, Esquire
Attorney for Movant
Date: